# JAFFE & ASHER LLP

ATTORNEYS AT LAW

ESTABLISHED 1974
WWW.JAFFEANDASHER.COM

600 THIRD AVENUE
NEW YORK, NY 10016-1901
212-687-3000
TOLL FREE 888-625-9895

PLEASE RESPOND TO WHITE PLAINS OFFICE

445 HAMILTON AVENUE, SUITE 405
WHITE PLAINS, NY 10601
TEL 212-687-3000
FAX 914-437-8076

September 15, 2022

**VIA ECF**

Hon. Denise L. Cote, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: **Liberty Insurance Corporation v. New York Marine and General Insurance Company, American Empire Surplus Lines Insurance Company, and Hudson Excess Insurance Company**
     **Civil Action No. : 1:22-cv-01081-DLC**

Dear Judge Cote:

  Our firm represents plaintiff Liberty Insurance Corporation ("Liberty") in the referenced matter. This letter is submitted pursuant to paragraph 2. C. of Your Honor's Individual Practices in Civil Cases, in opposition to the letter motion filed on September 13, 2022, by defendant Hudson Excess Insurance Company ("Hudson"), seeking permission to move to quash the subpoena that Liberty served on Hudson's insured, Skittles Service Corp. ("Skittles").

  In this action, Liberty seeks recovery of co-insurance contribution from defendants for a common insured, 45 John NY LLC ("45 John"), for an underlying tort action entitled Juarez v. Primework Construction Corp., Avacon Management LLC and 45 John NY LLC, Index Number 160728/2017, pending in New York Supreme Court, New York County (the "Underlying Action"). A key determinative issue as to whether Hudson owes coverage to 45 John is whether Hudson's Named Insured, Skittles, "agreed in writing in a contract or agreement" to include 45 John, as a additional insured. Attached, as Exhibit "A", is a copy of the written agreement that we believe satisfies this requirement.

  We attempted to authenticate this document via Notice to Admit, to no avail. We even offered to withdraw the Skittles subpoena if Hudson would stipulate to the authenticity of this document, that it was signed by Avacon and Skittles on the dates indicated, and that it applies to the project at issue. Hudson refused; as such, we need to move forward with discovery on this issue. We specifically issued the subpoena to address this issue.

  This deposition is not duplicative of any discovery in the Underlying Action. The individual deposed, Isaias Barrera Perez ("Barrera"), was a foreman and he was not involved in the contracts related to the Underlying Action. His testimony related to the tort issues – the

CALIFORNIA  FLORIDA  GEORGIA  NEW JERSEY  TEXAS

Hon. Denise L. Cote, U.S.D.J.
September 15, 2022
Page 2

cause of the alleged accident. Barrera did not testify on any subject related to the key coverage issues herein. Indeed, Barrera specifically testified that he had no knowledge of the written contracts related to the job. In contrast, in this action, we seek a deposition to address insurance issues, specifically the contracts related to the job, including the exhibit annexed hereto. As such, we served the subpoena on a principal of Skittles, Araceli Rivero. A copy of the Affidavit of Service is attached hereto as Exhibit "B".

Hudson's argument that Liberty should not be allowed to depose a different Skittles witness to testify about the contract documents because it could elicit inconsistent testimony is completely frivolous. First, Barrera could not testify about the contract because he lacked knowledge. Second, there is no rule of law preventing discovery because it may elicit inconsistent testimony.

The pending summary judgment motion in the Underlying Action should not preclude or delay discovery herein. We have a discovery deadline of October 28, 2022. The motion in State Court does not stay discovery herein.

Hudson's assertion that Skittles was dissolved in 2020 is also not a legitimate reason to quash the Skittles subpoena. Even if Skittles was dissolved as a corporation in 2020, it still must respond to a subpoena concerning pre-dissolution activity. McCready v. Nat'l Credit Sys., Inc., No. 07 CIV. 7705 DAB/JCF, 2010 WL 815079 (S.D.N.Y. Mar. 9, 2010).

Finally, Hudson's application for permission to move to quash and/or any motion to quash the Skittles subpoena should be denied because it is untimely. The subpoena was returnable September 12, 2022. Pursuant to Fed. R. Civ. P. 45(d)(3), in order to be timely, a motion to quash a subpoena generally must be filed before the return date of the subpoena. In re Rule 45 Subpoena Issued To JP Morgan Chase Bank, N.A., 319 F.R.D. 132 (S.D.N.Y. 2016).

For the above reasons and law, Liberty respectfully submits that Hudson's application for permission to move to quash the Skittles subpoena should be denied. Moreover, Skittles did not appear on the date noticed in the Skittles subpoena. We received an email from counsel purporting to represent Skittles in connection with the subpoena, Jonathan Banks, Esq. Mr. Banks advised us that he was unavailable to go forward with Skittles' deposition on the date in the subpoena and would get back to us with an adjourned date. He did not. Liberty respectfully requests that this Court direct Skittles to appear for a deposition in compliance with the subpoena.

Respectfully submitted,

JAFFE & ASHER, LLP

By: _____
Florence Langer, Esq.

Permission for Hudson Excess Insurance Company to move to quash the subpoena is denied.

9/19/22

_____
DENISE COTE
United States District Judge

Hon. Denise L. Cote, U.S.D.J.
September 15, 2022
Page 3

FL:fl

cc:  William F. Stewart, Esq. (via ECF w/ exh.)
     Nancy Zangrilli (via ECF w/ exh.)
     Daniel F. McFaul, Jr., Esq. (via ECF w/ exh.)
     Michael Panayotou, Esq. (via ECF w/ exh.)
     Jonathan Banks, Esq. (via email w/ exh.)

# Exhibit A



## SUBCONTRACT AGREEMENT RIDER
## (CONTRACTOR/SUBCONTRACTOR)

1. **Indemnity.** In consideration of the Contract Agreement, and to the fullest extent permitted by law, the Subcontractor shall defend and shall indemnify, and hold harmless, at Subcontractor's sole expense, the Contractor, all entities the Contractor is required indemnify and hold harmless, the Owner of the property, and the officers, directors, agents, employees, successors and assigns of each of them from and against all liability or claimed liability for bodily injury or death to any person(s), and for any and all property damage or economic damage, including all attorney fees, disbursements and related costs, arising out of or resulting from the Work covered by this Contract Agreement to the extent such Work was performed by or contracted through the Subcontractor or by anyone for whose acts the Subcontractor may be held liable, excluding only liability created by the sole and exclusive negligence of the Indemnified Parties. This indemnity agreement shall survive the completion of the Work specified in the Contract Agreement.

2. **Insurance.** The Subcontractor shall procure and shall maintain until final acceptance of the Work, such insurance as will protect the Contractor, all entities the Contractor is required indemnify and hold harmless, the Owner, and their officers, directors, agents and employees, for claims arising out of or resulting from Subcontractor's Work under this Contract Agreement, whether performed by the Subcontractor, or by anyone directly or indirectly employed by Subcontractor, or by anyone for whose acts Subcontractor may be liable. Such insurance shall be provided by an insurance carrier rated "A-" or better by A.M. Best and lawfully authorized to do business in the jurisdiction where the Work is being performed.

    2.1. The Subcontractor's insurance shall include contractual liability coverage and additional insured coverage for the benefit of the Contractor, Owner and anyone else the Owner is required to name (as set forth in the schedule below), and shall specifically include coverage for completed operations. The insurance required to be carried by the Subcontractor and any Sub-Sub-Contractors shall be PRIMARY AND NON-CONTRIBUTORY. With respect to each type of insurance specified hereunder, the Contractor's and Owner's insurances shall be excess to Subcontractor's insurance.

    2.2. The Subcontractor warrants that the coverage provided under the commercial general liability policy shall be written on an "occurrence" basis with coverage as broad as the Insurance Service Office Inc.'s form and that no policy provisions shall restrict, reduce, limit or otherwise impair contractual liability coverage or the Contractor's, Owner's (or others as required and as listed below) status as additional insured.

2.3. Not less than five (5) days prior to commencement of the Work and until final acceptance of the Work, Subcontractor shall provide Contractor with certificate(s) of insurance evidencing the required insurance coverage with the limits stated below or elsewhere in the Subcontract documents. The Subcontractor shall provide Contractor thirty (30) days written notice of a change or cancellation in coverage. In addition, all insurance policies shall state that the insurer will provide Contractor thirty (30) days prior written notice of a change or cancellation in coverage.

2.4. Unless otherwise stipulated in the Contract Agreement, the Subcontractor shall maintain no less than the limits specified for each of the following insurance coverages:

   a) Commercial General Liability using an industry standard unmodified coverage form including contractual liability with minimum limits of $1,000,000 each occurrence, $2,000,000 aggregate and $2,000,000 Products completed operations aggregate with either per project or per location endorsement for property damage and bodily injury;

   b) Comprehensive Automobile Liability insurance with minimum limits of $1,000,000 combined single limit each accident, including bodily injury and property damage liability;

   c) Workers' Compensation and disability benefit insurance including Occupational Disease in the minimum amounts as required by the jurisdiction where the Work is performed.

   d) Umbrella Liability Insurance with a limit of $1,000,000 per occurrence and general aggregate of $1,000,000. Scaffolding, demolition, and excavation contractors require Umbrella Liability Insurance with a limit of $2,000,000 per Occurrence and general aggregate of $2,000,000.

2.5. The Subcontractor and his insurer shall waive all rights of subrogation against the Contractor, Owner and any other indemnified party, except as respects Worker's Compensation insurance.

2.6. If Subcontractor engages a Sub-Subcontractor, it is the affirmative duty of the Subcontractor to ensure that any Sub-Subcontractor complies with the insurance and indemnification requirements of this Contract Agreement.

List of Indemnified Parties and Additional Insureds:

Avacon Management LLC DBA Avacon Builders
345 Route 17 South, Upper Saddle River, NJ 07458

45 John NY LLC
150 Broadway, Suite 900, New York, NY 10038

Acknowledged by:

| Contractor | Avacon Builders | Subcontractor | _Willis Services Corp._ |
|---|---|---|---|
| Signature: | | Signature: | |
| Name: | John Anagnostides | Name: | |
| Title: | Principal | Title: | Principal |
| Date: | 1/28/2016 | Date: | 2/17/16 |

HUD-000024



# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY):** 05/24/2017

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: KATHERINE HUNG |
|---|---|
| JEM GENERAL AGENCY, INC. | PHONE (A/C, No, Ext): (718) 283-4068   FAX (A/C, No): (718) 747-8484 |
| 14204 BAYSIDE AVE STE 10UA | E-MAIL ADDRESS: INFO@JEMINSURE.COM |
| FLUSHING  NY 11354-2331 | |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| INSURER A: | HUDSON EXCESS INSURANCE COMPANY | 14484 |
| INSURED | INSURER B: | ACE PROPERTY & CASUALTY INSURANCE CO | 20699 |
| SKITTLES SERVICES CORP | INSURER C: | NEW YORK STATE INSURANCE FUND | |
| 377 SHARON AVE | INSURER D: | STANDARD SECURITY LIFE INSURANCE | 69078 |
| STATEN ISLAND  NY 10301-1414 | INSURER E: | |
| | INSURER F: | |

**COVERAGES**    **CERTIFICATE NUMBER:**    **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY  ☐ CLAIMS-MADE  X OCCUR | Y | Y | HXMP100996 | 05/08/2017 | 05/08/2018 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $50,000 |
| | | | | | | | MED EXP (Any one person) | $5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: X POLICY ☐ PROJECT ☐ LOC ☐ OTHER: | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | AUTOMOBILE LIABILITY  ☐ ANY AUTO  ☐ ALL OWNED AUTOS  ☐ SCHEDULED AUTOS  ☐ HIRED AUTOS  ☐ NON-OWNED AUTOS | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| B | X UMBRELLA LIAB  X OCCUR  ☐ EXCESS LIAB  ☐ CLAIMS-MADE  ☐ DED  ☐ RETENTION $ | Y | Y | UMBNYD390945512 | 05/08/2017 | 05/08/2018 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | | AGGREGATE | $1,000,000 |
| C | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY  ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? Y (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | 23119662 | 11/06/2016 | 11/06/2017 | ☐ PER STATUTE  X OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |
| D | DISABILITY BENEFITS | | | R72493-000 | 11/06/2016 | 11/06/2017 | STATUTORY | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

Additional insured: Avacon Management LLC DBA Avacon Builders 345 Route 17 South Upper Saddle River, NJ 07458; 45 John NY LLC 150 Broadway, Suite 900 New York, NY 10038

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Avacon Management LLC DBA Avacon Builders  345 Route 17 South  Upper Saddle River,  NJ 07458 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.  AUTHORIZED REPRESENTATIVE |

© 1988-2014 ACORD CORPORATION. All rights reserved.

ACORD 25 (2014/01)    The ACORD name and logo are registered marks of ACORD

HUD-000025

# Exhibit B

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

14.1
Index Number: 1:22-CV-01081(DLC)

Court Date: 09/12/2022

**LIBERTY INSURANCE CORPORATION**

Plaintiff

vs

**NEW YORK MARINE AND GENERAL INSURANCE COMPANY ET AL**

Defendant

STATE OF NEW YORK, COUNTY OF RICHMOND, SS.:

**AFFIDAVIT OF SERVICE**

Joseph P.F. Donovan, being sworn deposes and states that, the Deponent is not a party herein, is over the age of 18 years and resides in the State of New York.

That on **9/1/2022**, at **6:29 PM** at **377 SHARON AVENUE APT 2F, STATEN ISLAND, NY 10301**, Deponent served the within **Subpoena to Testify at a Deposition in a Civil Action**. On: **SKITTLES SERVICES CORP**, Witness therein named, ( hereinafter referred to as "subject").

By delivering to and leaving with **Araceli Rivero** said individual to be **President** who specifically stated he/she was **authorized to accept** service on behalf of the Corporation/Government Agency/Entity. A description of Araceli Rivero is as follows:

**Sex**: Female   **Color of skin**: Brown   **Color of hair**: Gray   **Age**: 55
**Height**: 5ft0in-5ft3in   **Weight**: 100-130 Lbs.   **Other** : glasses

Sworn to before me on September 2, 2022

Tara Donovan
Notary Public - State of New York
No. 01D06210234
Qualified in Richmond County
My Commission Expires 08-10-2025

Client's File No.: 2230602

Process Server, Please Sign
Joseph P.F. Donovan
Lic# 1292936
Job #: 2228871

ALEXANDER POOLE & COMPANY, INC.: SERVICE DISTRIBUTED BY INTER COUNTY JUDICIAL SERVICES LLC,
6851 JERICHO TURNPIKE, SUITE 180, SYOSSET NY 11791 LICENSE # 1371771