```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
LIBERTY INSURANCE CORPORATION,           :
                                         :    22cv1081(DLC)
                              Plaintiff, :
                                         :        ORDER
              -v-                        :
                                         :
NEW YORK MARINE AND GENERAL INSURANCE    :
CO., AMERICAN EMPIRE SURPLUS LINES       :
INSURANCE CO., and HUDSON EXCESS         :
INSURANCE CO.,                           :
                             Defendants. :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On March 22, 2023, an Opinion was issued in the bench trial in this action, which held in part that (1) defendant Hudson Excess Insurance Co. ("Hudson") owed a duty to indemnify plaintiff Liberty Insurance Corporation's ("Liberty") named insured and (2) that Liberty was entitled to attorney's fees from Hudson pursuant to New York Insurance Law § 1213(d). Liberty Ins. Corp. v. N.Y. Marine & Gen. Ins. Co., 22cv1081 (DLC), 2023 WL 2597053 (S.D.N.Y. Mar. 22, 2023). On April 18, Hudson moved for a new trial on those two issues pursuant to Rules 52 and 59, Fed. R. Civ. P. The motion became fully submitted on May 24.

Under Rule 59(a)(1)(B), a district court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P.

59(a)(1)(B).  "[A] trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice."  LiButti v. United States, 178 F.3d 114, 118 (2d Cir. 1999).  "[A] trial court should not grant a new trial simply because, like the proverbial second bite at the apple, the losing party believes it can present a better case if afforded another chance."  Id. at 118-19.  Similarly, it is not the purpose of Rule 52(b) to permit parties to "relitigate old issues, to advance new theories, or to secure a rehearing on the merits."  United States v. Local 1804-1, Int'l Longshoremen's Ass'n, 831 F. Supp. 167, 169 (S.D.N.Y. 1993), aff'd sub nom. United States v. Carson, 52 F.3d 1173 (2d Cir. 1995).

Hudson's April 18, 2023 motion for a new trial is denied.  Hudson's improperly uses this motion as a vehicle to repeat arguments that have been rejected or to make arguments that it did not make at trial.  Hudson has not made any showing that the March 22, 2023 Opinion's conclusions regarding Hudson's duty to

2

indemnify Liberty's named insured and Liberty's entitlement to attorney's fees from Hudson were based on clear errors of law or that they work a manifest injustice.

Dated:  New York, New York
        July 21, 2023

                                    _____
                                            DENISE COTE
                                    United States District Judge