```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
LIBERTY INSURANCE CORPORATION,          :
                                        :         22cv1081(DLC)
                        Plaintiff,      :
                                        :         OPINION AND ORDER
            -v-                         :
                                        :
NEW YORK MARINE AND GENERAL INSURANCE   :
CO., AMERICAN EMPIRE SURPLUS LINES      :
INSURANCE CO., and HUDSON EXCESS        :
INSURANCE CO.,                          :
                                        :
                        Defendants.     :
                                        :
----------------------------------------X
```

APPEARANCES:

For the plaintiff:
Jaffe & Asher, LLP
Marshall Todd Potashner
Florence Harriet Langer
445 Hamilton Avenue, Suite 405
White Plains, NY 10601

For defendant Hudson Excess Insurance Co.:
Melito & Adolfsen, P.C.
Michael Frank Panayotou
233 Broadway Suite 1010
New York, NY 10279

DENISE COTE, District Judge:

This Opinion awards attorney's fees pursuant to New York Insurance Law § 1213(d). The plaintiff seeks $112,026.40 in attorney's fees and $1,781 in costs incurred in litigating this action. Section 1213(d) caps attorney's fees at 12.5% of the amount that the plaintiff is entitled to recover against the

defendant.  For the following reasons, the plaintiff is awarded $4,032.84.

## Background

The events underlying this action are described in the Findings of Fact and Conclusions of Law issued on March 22, 2023 following a non-jury trial (the "Opinion").  It is incorporated by reference.  Liberty Ins. Corp. v. N.Y. Marine & Gen. Ins. Co., 22cv1081 (DLC), 2023 WL 2597053 (S.D.N.Y. Mar. 22, 2023).

This dispute emerged from a construction accident in which an employee of Skittles Services Corp. ("Skittles") named Jose Manuel Juarez was injured on November 22, 2017, when he fell from a scaffold erected by and belonging to Skittles.  Skittles was working on a project at 45 John Street in Manhattan, a premises owned by 45 John NY LLC ("45 John" and the "Project").

On December 4, 2017, Juarez sued 45 John and others in New York state court (the "Underlying Action"), asserting claims in negligence, under N.Y. Labor Law §§ 200, 240, and 241(6), and under Section 23-5.5 of the Industrial Code of the State of New York.  Skittles was impleaded into the Underlying Action.

Liberty Insurance Corporation ("Liberty") is providing a defense to its named insured 45 John in the Underlying Action. Hudson Excess Insurance Company ("Hudson") is providing a defense to its named insured Skittles.  Hudson is an

2

"unauthorized" foreign insurer since it is not licensed as an insurance company in the State of New York.

In a letter dated December 19, 2017, the insurer for the general contractor on the Project demanded that Hudson defend and indemnify its insured and 45 John in the Underlying Action. On April 11, 2018, Liberty tendered the defense and indemnity of 45 John to Hudson. Liberty did not receive a response to the April 11, 2018 letter. On October 8, 2021, Liberty again tendered the defense and indemnity of 45 John for the Underlying Action to Hudson. In a letter dated October 27, 2021, Hudson disclaimed coverage of 45 John in the Underlying Action.

Liberty filed this federal action against Hudson and others on February 8, 2022, seeking, <u>inter alia</u>, a declaration that Hudson has a duty to defend and indemnify Liberty's insured and that such duties are primary to Liberty's. Liberty also requested a money judgment from Hudson for the expenses Liberty has incurred to defend and indemnify 45 John.

Following the close of discovery, the parties participated in mediation on February 13, 2023, which resolved some but not all of the issues between them. Under a settlement agreement of February 14 ("Settlement Agreement"), Hudson agreed that it owed a duty to defend 45 John in the Underlying Action, and that the duty to defend is primary to any such duty owed by Liberty. The

parties also agreed that Hudson and the insurer for the general contractor for the Project each owe 100% of the past and future defense costs for 45 John and that they, jointly and severally, would pay Liberty $32,262.79 for defense costs incurred prior to February 1, 2023.

On February 16, the parties filed the Pretrial Order. The parties stipulated to the factual record for the bench trial, which was scheduled to occur in March. Summations were heard on March 20. Following their summations, the parties filed the Settlement Agreement, and the Court filed the March 22 Opinion.

The Opinion held, inter alia, that (1) Hudson has a duty to indemnify 45 John; and (2) Hudson must reimburse Liberty its reasonable attorney's fees in this federal action. Liberty Ins. Corp., 2023 WL 2597053, at *13. As relevant here, the Opinion held that Hudson's denial of its duty to defend Liberty's named insured -- 45 John -- was vexatious and without reasonable cause because it had denied its duty from December 19, 2017 to February 14, 2023, on the eve of trial in this federal action, even though its duty to defend was clearly triggered by the pleadings in the Underlying Action. The Opinion rejected Hudson's argument that it was excepted from the application of § 1213(d) by reason of § 1213(e).

On April 18, Hudson moved for a new trial under Rules 52 and 59, Fed. R. Civ. P. That motion was denied on July 21, 2023.

On May 5, Liberty filed a memorandum in support of this request for attorney's fees. Hudson opposed on May 19, and Liberty replied on May 26.

## Discussion

Because Hudson is an unauthorized insurer in New York State and its denial of its duty to defend Liberty's insured was vexatious and without reasonable cause, this Court ordered Hudson pay a portion of Liberty's attorney's fees pursuant to New York Insurance Law § 1213(d). Section 1213(d) provides:

> In any action against an unauthorized foreign or alien insurer upon a contract of insurance issued or delivered in this state to a resident thereof or to a corporation authorized to do business therein, if the insurer has <u>failed for thirty days after demand prior to the commencement of the action to make payment pursuant to the contract</u>, and it appears to the court that such refusal was vexatious and without reasonable cause, <u>the court may allow plaintiff a reasonable attorney's fee and include such fee in any judgment rendered in such action. Such fee shall not exceed twelve and one-half percent of the amount the court finds the plaintiff is entitled to recover against the insurer nor be less than twenty-five dollars.</u> Failure of an insurer to defend any such action shall be prima facie evidence that its failure to pay was vexatious and without reasonable cause.

N.Y. Ins. Law § 1213(d) (emphasis supplied).

Liberty is awarded $4,032.84 in reasonable attorney's

5

fees. This amount is 12.5% of the $32,262.79 owed by Hudson to Liberty for past defense costs.[1] Section 1213(d) limits the attorney's fees awardable to Liberty to 12.5% "of the amount the court finds that [Liberty] is entitled to recover against [Hudson]." Id.

Liberty requests an award of $113,807.40, which is the amount of its attorney's fees and costs incurred pursuing this federal action. This request is denied. In its brief in support of its request for attorney's fees, Liberty did not discuss the 12.5% cap on fees awarded under § 1213(d). In response to Hudson's invocation of the cap in its opposition, Liberty argues that it is entitled to recover the entirety of its attorney's fees in this federal action even if the 12.5% cap is applied. Liberty reasons that the 12.5% figure can be applied to the full limits of Hudson's insurance policy, or $1,000,000, because the Opinion held that Hudson has a duty to indemnify 45 John. According to Liberty, then, the maximum attorney's fees it may obtain under § 1213(d) is $129,032.84: 12.5% of the past defense costs owed by Hudson plus 12.5% of the $1,000,000 limit of the Hudson policy. The Opinion made no finding, however, that Hudson's refusal to indemnify 45 John was

---

[1] Liberty may also be entitled to recover 12.5% of any defense costs Liberty incurred after February 1, 2023.

6

vexatious and without reasonable cause. Indeed, no judgment requiring indemnification has been entered against 45 John in the Underlying Action, and Liberty has not argued in this litigation that Hudson's refusal to make such a payment was vexatious and without reasonable cause. Therefore, the 12.5% cap on attorney's fees is applied only to the defense costs that Liberty is entitled to recover from Hudson.

Hudson, for its part, asserts that Liberty is only entitled to recover a maximum of 12.5% of $16,131.40, i.e., the payment that Hudson made to Liberty to cover past defense costs under the Settlement Agreement. This is incorrect. While Hudson and the general contractor's insurer agreed to split the past defense costs owed to Liberty equally, Hudson had a duty under the law to bear the entirety of those defense costs. <u>Liberty Ins. Corp.</u>, 2023 WL 2597053, at *6 n.8. The Settlement Agreement also recognizes that Hudson and that insurer jointly and severally owe Liberty $32,262.79 for past defense costs and that each owe 100% of the total defense costs for 45 John. Therefore, Liberty is entitled to defense costs from Hudson consisting of $32,262.79. The award of attorney's fees is set a maximum of 12.5% of that amount, not the amount paid by Hudson to Liberty under the Settlement Agreement.

7

## Conclusion

Liberty is awarded attorney's fees of $4,032.84. By **July 31, 2023**, the parties shall submit a proposed judgment.

Dated:  New York, New York
        July 24, 2023

```
                          _____
                                    DENISE COTE
                          United States District Judge
```