```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
LIBERTY INSURANCE CORPORATION,        :
                                      :    22cv1081(DLC)
                          Plaintiff,  :
                                      :        ORDER
            -v-                       :
                                      :
NEW YORK MARINE AND GENERAL INSURANCE :
CO., AMERICAN EMPIRE SURPLUS LINES    :
INSURANCE CO., and HUDSON EXCESS      :
INSURANCE CO.,                        :
                          Defendants. :
                                      :
------------------------------------- X
```

DENISE COTE, District Judge:

In an Opinion and Order dated March 22, 2023, this Court held that defendant Hudson Excess Insurance Co. ("Hudson") has a duty to indemnify 45 John NY LLC ("45 John"), the insured of plaintiff Liberty Insurance Corporation ("Liberty"). That Opinion and Order also held that due to Hudson's vexatious failure to defend 45 John, Hudson must reimburse Liberty its reasonable attorneys' fees. On August 1, 2023, this Court entered judgment awarding Liberty $4,032.84 in attorneys' fees.

On August 28, Hudson filed a notice of appeal and a motion to stay the judgment of August 1 pending appeal. The motion was fully submitted on October 2, 2023.

There are four factors relevant in assessing a motion for stay pending appeal: the applicant's strong showing that it is likely to succeed on the merits, irreparable injury to the

applicant in the absence of a stay, substantial injury to the nonmoving party if a stay is issued, and the public interest. See New York v. United States Department of Homeland Security, 974 F.3d 210, 214 (2d Cir. 2020). The first two factors are the most important, but a stay is not a matter of right, even if irreparable injury might otherwise result; instead, a stay is an exercise of judicial discretion. Id. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. Id.

Hudson has not shown either that it is likely to succeed on the merits or that the absence of a stay will cause it irreparable injury. Hudson primarily rehashes arguments that this Court rejected at trial and in rejecting Hudson's motion for a new trial. Further, Hudson's duty to indemnify 45 John and the question of whether Skittles proximately caused the underlying accident are two distinct legal issues. Hudson's claim that this Court's judgment will cause it irreparable injury because it may face potential claims in the future is speculative. Irreparable injury must be "neither remote nor speculative, but actual and imminent." New York v. United States Department of Homeland Security, 969 F.3d 42, 86 (2d Cir. 2020). Finally, the public interest does not support a stay of a $4,302.84 award for attorneys' fees due to an insurer's vexatious failure to defend. Accordingly, it is hereby

ORDERED that Hudson's August 1, 2023 motion for a stay is denied.

Dated:   New York, New York
         October 6, 2023

```
                              _____
                                    DENISE COTE
                              United States District Judge
```